**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESUS ALBERTO VASQUEZ-SOTO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-824-SLP** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Jesus Alberto Vasquez-Soto, a noncitizen[1] and Venezuelan national proceeding with counsel, filed a Petition for Writ of Habeas Corpus, Doc. 1, ("Petition") challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").  United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3.  The undersigned set an expedited briefing schedule, Doc. 5.  Respondents filed a timely Response, Doc. 7, and the Petition is at issue.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days at which the government bears the burden of proof or otherwise to release him if there is no hearing within that time.

---

[1]  Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'"  *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    **<u>Background</u>**

Petitioner, a citizen of Venezuela, entered the United States on August 26, 2022, without admission or parole near El Paso, Texas, and was taken into immigration custody on the same day.  Resp. at 4; Doc. 7-1 at 1 (Notice to Appear).  The next day, ICE released him with instructions to report to his local ICE office within 60 days.[2]  Resp. at 4; Doc. 7-2 at 2.  On March 7, 2026, ICE arrested Petitioner pursuant to a warrant.  Resp. at 5; Doc. 7-4 (Warrant for Arrest).  The same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 5; Doc. 7-1 at 1.  On April 14, 2026, Petitioner filed an application for asylum, which remains pending.  Resp. at 5; Doc. 7-5 (Asylum Application).

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225.  Resp. at 3, 6.  Petitioner alleges he has not had a bond hearing.  Pet. at 6.  Neither Petitioner nor Respondents allege Petitioner has requested a bond hearing.  Such a request, though, would likely be futile because all immigration judges ("IJ") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216, 229 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

---

[2] It is unclear from the record which parole provision governed Petitioner's release in August 2022.  In this instance, the type of parole does not impact the undersigned's analysis or recommendation.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 9, 2026).

## II.     Petitioner's Claims

Petitioner asserts six counts in his Petition.

- **Count I: Violation of Procedural Due Process.**  Petitioner alleges his detention without an individualized custody determination violates the Fifth Amendment to the Constitution.  Pet. at 6.

- **Count II: Prolonged Detention Has Become Constitutionally Excessive.**  Petitioner alleges his detention without adequate review has become "unreasonably prolonged" and excessive.  *Id*.

- **Count III: Arbitrary Detention without Individualized Justification.**  Petitioner alleges the government has not justified his detention or shown that he is a danger to the community or a flight risk.  *Id*.

- **Count IV: Civil Detention Has Become Punitive in Violation of Due Process.**  Petitioner alleges that without procedural safeguards, his detention is punitive and has lost its regulatory purpose.  *Id*. at 7.

- **Count V: Failure to Provide Constitutionally Required Procedural Safeguards**.  Petitioner alleges he has not received the procedural safeguards of a meaningful custody hearing with a neutral decision-maker at which the government bears the burden to prove by clear and convincing evidence that his detention is justified.  *Id*. at 8.

- **Count VI**: **Habeas Relief Remains Available for Constitutional Violations.**  Petitioner alleges his detention is constitutionally invalid even if it is authorized by statute.  *Id*.

He asks the Court to "issue a writ of habeas corpus" ordering his immediate release or, alternatively, to order Respondents "to provide an immediate individualized bond or custody hearing before a neutral decision-maker at which the government bears the burden

of proving that continued detention is justified based on flight risk or danger to the community." *Id*.

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis

#### A.    Section 1226(a) applies to Petitioner's detention.

Petitioner does not raise a claim that his detention violates the Immigration and Nationality Act ("INA").[3]  The undersigned concludes, though, the Court must first determine what statutory provision governs Petitioner's detention before it can determine whether his due process rights have been violated.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a

---

[3] Petitioner does, however, reference the regulatory nature of immigration detention in Count IV and statutory authorization for detention in Count VI.  Pet. at 7, 8.

doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Respondents contend Petitioner is deemed an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Resp. at 3, 6. Respondents argue (1) § 1225(b)(2)(A) does not include a temporal or geographic limitation, and (2) an "applicant for admission" is necessarily "seeking admission." Resp. at 6-12.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also

"seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[4]  *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2

---

[4] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina*

(W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner").  This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Lopez*, 2026 WL 165490, at \*7. The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).

This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents.  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[5]  In contrast, the Fifth and Eighth Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position.

---

*Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at \*4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at \*3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at \*12 (W.D. Okla. Dec. 26, 2025).

[5] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

*Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

**B.    Due Process entitles Petitioner to a bond hearing.**

Petitioner alleges his detention without an individualized bond hearing violates due process. Pet. at 6, 8. Petitioner also alleges the government has not justified his detention by showing he is a flight risk or danger to the community. *Id*. at 6. The undersigned concludes that because § 1226(a) applies to Petitioner's detention, he is owed the due process provided to him under the statute. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In the civil immigration detention context, courts consistently apply the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319, (1976), to evaluate the level of process owed a

8

noncitizen.  *See, e.g., Hernandez-Lara v. Lyons*, 10 F.4th 19, 27-39 (1st Cir. 2021) (applying *Mathews* to due process challenges to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 851-55 (2d Cir. 2020) (same).[6]

The *Mathews* test includes three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.  All three factors weigh in Petitioner's favor.[7]

First, Petitioner has a strong liberty interest in being free from physical detention. This is "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).  Because freedom from restraint is "at the core of the liberty interest protected by the Due Process Clause, commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (citation modified).  "Congress may make rules as to aliens that would be

---

[6] While Petitioner does not rely on the *Mathews* test in alleging the violation of his due process, the undersigned concludes that is the proper test to apply in the civil immigration detention context.  *See Alvarado Montoya*, 2025 WL 3733302, at *12-15 (applying the *Mathews* framework).

[7] The undersigned notes Respondents have not addressed any of the *Mathews* factors directly.  Nonetheless, the undersigned has considered arguments made by respondents in substantially similar cases and concludes the outcome would be the same.

unacceptable if applied to citizens," *Demore v. Kim*, 538 U.S. 510, 522 (2003), but that power remains subject to "important constitutional limitations," *Zadvydas*, 533 U.S. at 695. It does not eliminate Petitioner's significant interest in being free from detention. *See, e.g., Diaz v. Noem*, No. 26-CV-00782, 2026 WL 733587, at *3 (D. Colo. Mar. 16, 2026) (concluding the first *Mathews* factors supports finding a due process violation where petitioner "is being held in a detention facility that strongly resembles penal confinement, is away from his family, and is unable to maintain his employment" (citation modified)).

Second, the risk of erroneous deprivation is high here, considering Respondents' current position to afford him no bond hearing. *See, e.g., Montero Cordova v. Noem*, No. 26-CV-00526, 2026 WL 867689, at *9 (D.N.M. Mar. 30, 2026) (finding the second *Mathews* factor favors petitioner because "the risk of erroneous deprivation will remain high" "without the opportunity to have the hearing to which Petitioner is entitled" under § 1226(a) and noting "a bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" (citation modified)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Finally, the Court must consider the government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. While "control over matters of immigration is a sovereign prerogative" and the "government's interest in efficient administration of immigration laws at the border is weighty," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citation modified), such interests in detaining Petitioner without

10

procedural safeguards do not outweigh his liberty interest or risk of erroneous deprivation. *See Montero Cordova*, 2026 WL 867689, at *10 (finding though "the Government's interest in enforcing its immigration policies must be afforded considerable weight," the third factor favors petitioner because "the fiscal and administrative burdens of providing a bond hearing under § 1226(a) are minimal and do not provide adequate justification for foregoing the hearing entirely"); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (comparing the "quite limited" harm to government, "because the administrative burden of a bond hearing is minimal," to the "sizeable harm posed to [petitioner] by continued—and potentially unnecessary—detention" (citation modified)).

Bond hearings "are a significant procedural safeguard to balance the Government's interest in immigration enforcement against individual liberties." *Singh v. Bondi*, No. 26-CV-0125, 2026 WL 690013, at *6 (W.D. Tex. Mar. 6, 2026). Though in ICE detention for several weeks, Petitioner has had no meaningful opportunity for an IJ to consider whether he is a danger to society or a flight risk since his re-detention. *See* Pet. at 6, 8. Further, the fact Petitioner has been living in the United States for nearly four years weighs in his favor. *See Ekenge v. Baltazar*, No. 26-CV-00630, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding the government's interest "not substantial" where petitioner was re-detained after being released and "any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue" (citation modified)).

Accordingly, Petitioner's continued detention without a bond hearing violates his due process liberty interests, and he is entitled to a prompt bond hearing before an IJ.

11

**C.    The Court should order the government to bear the burden of proof at Petitioner's bond hearing.**

Petitioner further alleges due process entitles him to a meaningful hearing before a neutral decision-maker at which the government should bear the burden of proof by clear and convincing evidence. Pet. at 8. A noncitizen generally has the burden at a bond hearing to show his "release would not pose a danger to property or persons" and he "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

As discussed above, the Court should grant habeas relief in part and grant Petitioner a bond hearing because his detention is governed by § 1226(a) and due process requires it. As for the burden of proof at a bond hearing, the Court should adopt a common approach of other courts in the Tenth Circuit and nationwide and use the *Mathews* balancing test to assess "the type of process required in a given case." *Vizguerra-Ramirez v. Baltazar*, No. 25-CV-00881, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025); *see also, e.g.*, *Velasquez Salazar*, 806 F. Supp. 3d at 1245 (holding the *Mathews* framework supports shifting the burden at a § 1226 bond hearing to the government); *Hernandez-Lara*, 10 F.4th at 39 (holding the government bears the burden at a bond hearing after prolonged detention under § 1226(a)); *Velasco Lopez,* 978 F.3d at 854 (same). *But see Miranda v. Garland*, 34 F.4th 338, 358-65 (4th Cir. 2022) (applying *Mathews* to conclude due process does not require the government to bear the burden at a § 1226(a) bond hearing for a noncitizen whose detention is not "indefinite and potentially permanent").

Under the circumstances presented here, the undersigned concludes all three *Mathews* factors favor Petitioner and placing the burden of proof on the government at any

bond hearing under § 1226(a).  First, as discussed above, Petitioner has a fundamental interest in liberty and being free from official restraint.  *See Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1283 (D.N.M. 2026) (D.N.M. Jan. 12, 2026) (finding the first *Mathews* factors weighs in favor of the government bearing the burden of proof because "being free from detention is the most elemental of liberty interests" (citation modified)).  Accordingly, the first *Mathews* factor favors Petitioner.

Second, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" also favor Petitioner.  *Mathews*, 424 U.S. at 335.  Notably, requiring Petitioner to bear the burden of proof creates a risk of an erroneous deprivation where Respondents have re-detained him for several weeks without a clear justification for re-detention based on flight risk or danger to the community.  Petitioner had been released from ICE custody, lived in the country since 2022, and has no alleged criminal history.[8]  ICE's decision to change course, re-detain Petitioner for several weeks now, and deprive him of physical liberty without having to establish a basis for re-detention weighs in Petitioner's favor.  *See Requejo Roman*, 816 F. Supp. 3d at 1283 (finding the "risk is even more pronounced" where petitioner had been released on bond previously and requiring the government to justify detention "reduces the risk of an ongoing and erroneous deprivation of Petitioner's liberty"); *Garcia Cortes v. Noem*, No. 25-CV-02677, 2025 WL 2652880, at *4 (D. Colo.

---

[8] The Petition is silent as to Petitioner's criminal history.  Respondents suggest law enforcement encountered Petitioner shortly before his re-detention, citing to page 6, ¶ 13 of the Petition.  Resp. at 5.  It is unclear to what the Response is referring.

Sep. 16, 2025) (finding "a severe risk of erroneous deprivation" based in part on respondents' "failure to identify any criminal record or conviction Petitioner has incurred").

Additionally, assigning the burden of proof to Petitioner puts him in a "difficult" position of "proving a negative," *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1183-84 (D. Colo. 2024)—specifically, proving he is neither a flight risk nor a danger to the community despite his nearly four years of living openly in the country and his apparent compliance with ICE conditions.  To the extent the government may contend risk factors warrant Petitioner's continued detention, the information establishing those risks is likely within the government's possession.  *Accord Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (noting information justifying a noncitizen's re-detention would be contained in the government's own files rather than in the possession of a petitioner detained in ICE custody).  Thus, requiring the government to bear the burden for Petitioner's continued detention helps to cure "the risk of an erroneous deprivation," *Mathews*, 424 U.S. at 335, of his liberty interests after the government's unilateral decision to re-detain him.  The second *Mathews* factor favors Petitioner.

Finally, "the administrative burden of a bond hearing is minimal."  *Arostegui-Maldonado*, 794 F. Supp. 3d at 943.  Having determined a bond hearing must be held, any additional costs from shifting the burden of proof to the government are negligible.  Placing the burden of proof on the government promotes the government's interest in "minimizing the enormous impact of incarceration in cases where it serves no purpose."  *Velasco Lopez*, 978 F.3d at 854.  Moreover, Respondents have not alleged or demonstrated any changed

14

circumstances since Petitioner's previous release in August 2022 to support his recent re-detention. *See Requejo Roman*, 816 F. Supp. 3d at 1283 (finding the third factor supports shifting the burden to the government because "the Government has not demonstrated any change in circumstances" since petitioner's prior release on bond).

In sum, all three *Mathews* factors support shifting the burden of proof at Petitioner's bond hearing to the government. The undersigned acknowledges that due process may not require this result in all cases. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (recognizing habeas corpus as "an adaptable remedy" where the "precise application and scope" can "change[] depending upon the circumstances"). But in cases like this, where Petitioner was previously released years ago and ICE re-detained him without any allegation that he violated the law or conditions of release, the burden should be shifted to the government at a bond hearing to justify his continued detention.

Several Judges in the Circuit have determined the proper remedy for a due process violation under similar circumstances is to require the government at a § 1226(a) hearing to bear the burden to prove a petitioner is a flight risk or danger to the community by clear and convincing evidence. *See Mieles-Parraga v. Bondi,* No. 26-CV-00646, 2026 WL 776489, at *2 (D.N.M. Mar. 19, 2026) (shifting the burden to the government to prove petitioner is a flight risk or danger to community where petitioner had previously been released on bond); *Abanil v. Baltazar*, No. 25-CV-4029, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (holding "the weight of authority in this District is clear: it is the Government's burden to justify a noncitizens continued detention at a bond hearing" (citation modified)); *Requejo Roman*, 816 F. Supp. 3d at 1282-84 (shifting the burden to the government to

15

prove petitioner is a flight risk or danger to community by clear and convincing evidence where petitioner had previously been released on bond); *Vizguerra-Ramirez*, 2025 WL 3653158, at \*16 (applying § 1226(a) to a similarly situated petitioner and ordering a bond hearing at which "the Government must prove by clear and convincing evidence that [he] is either a flight risk or a danger to the community in order to justify continued detention"); *L.G.*, 744 F. Supp. 3d at 1186 ("In sum, in order to continue detaining Petitioner under § 1226(a), due process requires that the Government is required to establish that continued detention is justified by clear and convincing evidence.").

In this District, Magistrate Judges have recently recommended burden shifting in circumstances like Petitioner's, though no District Judge has yet concluded the government should bear the burden at a bond hearing to justify detention. *See, e.g.*, *Juela v. Warden, Diamondback Corr. Facility*, No. CIV-26-501-G, Doc. 17, at 10 (W.D. Okla. Apr. 30, 2026) (R&R) (Judge Mitchell recommending shifting the burden to the government to justify detention by clear and convincing evidence of flight risk or danger to the community); *Ibragimov v. Mullin*, No. CIV-26-702-SLP, Doc. 17, at 11-17 (W.D. Okla. Apr. 29, 2026) (R&R) (Judge Erwin recommending the same); *Singh v. Grant*, No. CIV-26-88-G, Doc. 14 at 17-22 (W.D. Okla. Mar. 30, 2026) (R&R) (Judge Maxfield recommending the same); *see also Drozdov v. Lyons*, No. CIV-26-365-SLP, Doc. 12 at 13-19 (W.D Okla. Apr. 3, 2026) (R&R) (the undersigned recommending the same), *adopted*,

16

Doc. 16 at 6 (W.D. Okla. May 26, 2026).[9] *But see, e.g., Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (declining "to place the burden on the government to justify Petitioner's detention pending removal proceedings"); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach due process issues and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).

The undersigned's recommended approach is consistent with other contexts where the government must justify a person's detention by clear and convincing evidence to meet due process demands. *See, e.g., Foucha*, 504 U.S. at 86 (confinement of "insanity acquittees who are no longer mentally ill"); *Addington v. Texas*, 441 U.S. 418, 432-33 (1979) (involuntary civil commitment proceedings to a mental hospital); *see also Santosky v. Kramer*, 455 U.S. 745, 769-70 (1982) (requiring clear and convincing evidence for termination of parental rights); *Woodby v. Immigr. & Naturalization Serv.*, 385 U.S. 276, 286 (1966) (requiring clear and convincing evidence for deportation of a noncitizen);

---

[9] In *Drosdov*, Respondents did not object to the undersigned's recommended burden shifting. No. CIV-26-365-SLP, Doc. 16 at 6. Respondents therefore "waived review of such issues," and this Court ordered Respondents at any bond hearing to "bear the burden of proof to justify Petitioner's continued detention." *Id*.

*Chaunt v. United States*, 364 U.S. 350, 353 (1960) (requiring clear and convincing evidence for denaturalization of an individual).

In coming to this recommendation, the undersigned has considered the burden of proof applicable to the government for pre-trial detention of a criminal defendant under the Bail Reform Act. In that context, "the government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citation modified); *see, e.g.*, *Garcia v. Bondi*, No. 26-CV-01012, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026) (applying burden of proof from criminal pre-trial detention to immigration habeas proceedings and "finding no persuasive justification to conclude that a noncitizen must face different standards for the same actions, depending upon the forum, i.e., an administrative charge for removal versus a criminal charge of illegal reentry" (citation modified)). The undersigned has also considered the approach akin to Judge Mitchell's recent Reports and Recommendations, where she concluded after review of the *Mathews* factors that a similarly situated petitioner should be immediately released and not re-detained without a pre-deprivation hearing. *See, e.g., Rodriguez-Navarrete v. Mullin*, No. CIV-26-224-SLP, Doc. 11, at 14-17 (W.D. Okla. Apr. 3, 2026) (R&R).

The undersigned is persuaded after a careful *Mathews* analysis to recommend a common approach by Judges in this Circuit—that a detainee like Petitioner is entitled to a § 1226(a) bond hearing where the government bears the burden of proof by clear and convincing evidence for his continued detention. Accordingly, at Petitioner's bond

18

hearing, the government should bear the burden to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify continued detention.

### D.     The proper remedy is a bond hearing.

The undersigned acknowledges Petitioner seeks immediate release or, alternatively, "an immediate individualized bond or custody hearing before a neutral decision-maker at which the government bears the burden of proving that continued detention is justified based on flight risk or danger to the community." Pet. at 8. "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, Doc. 13 at 4 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Accordingly, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).

### E.     The Court should decline to address Petitioner's remaining claims.

Petitioner also alleges his continued detention without a bond hearing violates additional constitutional rights. Pet. at 6-8. If the Court grants Petitioner's requested relief

19

for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner within five business day a bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  The undersigned further recommends the Court require the government to bear the burden at any bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 16, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **June 22, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

20

**ENTERED** this 9th day of June, 2026.

_____

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

21